THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMBROSIO ROSADO GUZMÁN, Defendant and Appellant.

No. 9875.  Argued May 21, 1943.—Decided June 4, 1943.

188

Federico García Veve for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was charged with carrying a revolver in violation of §1, Act No. 14, Laws of Puerto Rico, 1924. He was tried, convicted and sentenced to one month in jail by the district court.

On appeal, the defendant contends, among other things, that the lower court erred in denying his motion to suppress the evidence relating to the seizure of the firearm in question. The motion was duly filed prior to trial, but by stipulation of the parties was not disposed of by the court until the testimony relating to the seizure was adduced at the trial.

The policeman who arrested the accused testified that on November 5, 1940, which was the date of the regular elections held every four years in Puerto Rico, he was strolling through various wards in Guaynabo, as he had been informed that some persons were preventing voters from going to town to cast their votes; that when he reached the Sonadora Ward, he observed that the accused "was bulky here. Indicating."; that he therefore searched him, finding the revolver which he seized. On cross-examination, the policeman testified that he had no search warrant; that the defendant, who was wearing a coat, was not noisy or drunk; that he was not disturbing the peace, but was simply talking quietly with some friends; and that the defendant was not displaying or boasting of carrying a firearm.

We are unable to see how this search can escape being characterized as illegal. The only possible basis for the search was the policeman's assertion that he observed that the defendant "was bulky here. Indicating." For us to permit an involuntary search on such a showing would be to nullify a constitutional right second to none on the mere *ipse dixit* of a policeman that he thought some part of one's person appeared bulky. To so hold would be to write off with one stroke of the pen a constitutional concept which must be held inviolate if we are to remain free. We hold that the search and seizure in this case was illegal.

The government nevertheless contends that however illegal the search may have been under §10, Act No. 14, Laws of Puerto Rico, 1924, the evidence resulting therefrom is admissible in evidence. Although neither party cites the case, this court in an exhaustive opinion by Mr. Justice De Jesús, held in *People* v. *Capriles*, 58 D.P.R. 551, that evidence obtained under an invalid search warrant is not admissible in evidence. When as in the instant case no search warrant at all is issued, the evidence obtained by illegal search is under the *Capriles* case *a fortiori inadmissible* (*People* v. *Decós, ante,* p. 140, decided June 1, 1943). *People* v. *Argues*, 39 P.R.R. 349, cited by the government, is distinguishable on its facts in that the pistol in question was found as a result of a search made in connection with an arrest on a gambling charge. However, we add that any inference that may be gathered from the *Argues* case that a different rule than the one followed herein obtains in this jurisdiction was finally dissipated by the *Capriles* case.

In view of our conclusion as to the illegality of the search, it is unnecessary to consider the other alleged errors.

The judgment will be reversed and a new judgment acquitting the defendant and returning the revolver to him will be entered.